**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01301-REB-MJW

CASUAL DINING DEVELOPMENT, INC., a Wisconsin corporation,

      Plaintiff,

v.

QFA ROYALTIES, LLC, a Delaware limited liability company authorized to do business in the State of Colorado,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendant's **Motion To Dismiss** [#8], filed June 29, 2009.  I deny the motion.

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v.*

*McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as

distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123

S.Ct. 1908 (2003).  I review the amended complaint to determine whether it "'contains

enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk,*

*L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th  Cir. 2007) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

"Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of

facts in support of the pleaded claims is insufficient; the complaint must give the court

reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual

support for *these* claims." *Id.* (emphases in original).[1]  Nevertheless, the standard

remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and that a recovery is very

remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th

---

[1] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S.
41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit recently clarified the meaning of the
"plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a
> complaint:  if they are so general that they encompass a wide swath of
> conduct, much of it innocent, then the plaintiffs "have not nudged their
> claims across the line from conceivable to plausible."  The allegations
> must be enough that, if assumed to be true, the plaintiff plausibly (not just
> speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do
> not (in the absence of additional allegations) have a reasonable prospect
> of success, but also to inform the defendants of the actual grounds of the
> claim against them.  "Without some factual allegation in the complaint, it
> is hard to see how a claimant could satisfy the requirement of providing
> not only 'fair notice' of the nature of the claim, but also 'grounds' on which
> the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974;
internal citations and footnote omitted).

Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

## III.  ANALYSIS

In June, 1999, plaintiff Casual Dining Development, Inc. entered into an Area

Director Marketing Agreement with The Quizno's Corporation to operate as a

dealer/franchisee of Quizno's restaurants, principally in Wisconsin.  Defendant is the

successor-in-interest to Quizno's.  The agreement provided for an initial ten-year term

and gave plaintiff the option to renew for an additional term of ten years.  Plaintiff claims

it gave proper notice of its intent to exercise its renewal rights "and has otherwise stood

ready to comply with all conditions of renewal except for the breaches by [defendant] of

Section 16" of the agreement.  (**Complaint** ¶ 16 at 4 [#1], filed June 3, 2009.)

Nevertheless, plaintiff claims that defendant notified it on April 16, 2009, that the

agreement would not be renewed because plaintiff would not accept defendant's

proposed schedule of sales and opening goals and refused to renew under the most

current form of defendant's Area Director Agreement.

Defendant has moved to dismiss plaintiff's First Claim for Relief, which arises

under sections 135.03 and 135.04 of the Wisconsin Fair Dealership Law ("WFDL"), WIS.

STAT. §§ 135.01, *et seq.*  Section 135.03 of the WFDL provides that

> [n]o grantor, directly or through any officer, agent or
> employee, may terminate, cancel, fail to renew or
> substantially change the competitive circumstances of a
> dealership agreement without good cause. The burden of
> proving good cause is on the grantor.

**WIS. STAT**. § 135.03.  Defendant maintains that the facts alleged in the complaint do not

show that it failed to renew the contract, as required to sustain a cause of action under

section 135.03, but rather support the conclusion that plaintiff itself failed to renew.

This is something of a chicken-and-egg problem, but I find the allegations of plaintiff's complaint sufficient to state a facially plausible claim at this early juncture in the case. Although it appears that the right to renew *vel non* resided initially with plaintiff, plaintiff alleges that it performed all conditions precedent to renewal that had not been waived or excused by defendant's actions and that it stood ready and willing to renew at the time it received defendant's "Notice of Non-Renewal," which did not establish good cause. The question of which party was ultimately responsible for the non-renewal must await development in discovery.

Plaintiff alleges in the alternative that the conditions defendant sought to impose on renewal of the agreement worked a substantial change in the competitive circumstances of the dealership agreement.[2] As defendant correctly points out, to make out this type of section 135.03 claim, plaintiff must show that the proposed conditions to which it objected constituted actual changes to the original agreement, not merely a continuation of pre-existing terms of the contract. *See Techmaster, Inc. v. Compact Automation Products, LLC*, 462 F.Supp.2d 932, 941 (W.D. Wis. 2006) (citing Michael Bowen & Brian Butler, *The Wisconsin Fair Dealership Law* § 7.11 (2nd ed. 2005)). However, the contract was not attached to plaintiff's complaint, nor has defendant included a copy with its motion, although it would have been entirely proper for it to have done so. *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir.

---

[2] These changed circumstances are alleged to include "effectively eliminating the Area Director Marketing Program . . . in favor of direct development markets or otherwise having markets owned and controlled by QFA and its affiliates," and promising but failing to "develop a 'small market' model for territories the size of [plaintiff's] territory." (**Complaint** ¶ 22 at 6.)

4

2002) ("It is accepted practice, if a plaintiff does not incorporate by reference or attach a

document to its complaint, but the document is referred to in the complaint and is

central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to

the court to be considered on a motion to dismiss.") (citation and internal quotation

marks omitted), *cert. denied*, 123 S.Ct. 2246 (2003).  I therefore cannot say that

plaintiff cannot prove that the conditions defendant sought to impose would substantially

change the competitive circumstances of the dealership agreement and thereby make

out a claim under section 135.03.[3]

Plaintiff also has alleged a cause of action under section 135.04 of the WFDL,

which provides, in relevant part:

> [A] grantor shall provide a dealer at least 90 days' prior
> written notice of termination, cancellation, nonrenewal or
> substantial change in competitive circumstances.  The notice
> shall state all the reasons for termination, cancellation,
> nonrenewal or substantial change in competitive
> circumstances and shall provide that the dealer has 60 days
> in which to rectify any claimed deficiency.  If the deficiency is
> rectified within 60 days the notice shall be void.

**WIS. STAT**. § 135.04.  To the extent this claim is based on defendant's alleged non-

renewal of the contract, it survives contingent on the ultimate proof of facts that underlie

plaintiff's section 135.03 non-renewal claim.  Contrariwise, to the extent this claim is

premised on plaintiff's contention that defendant was attempting to work a substantial

change in competitive circumstances, that claim does not necessarily fail simply

---

[3] Nor am I persuaded that ***Bresler's 33 Flavors Franchising Corp. v. Wokosin***, 591 F.Supp. 1533 (E.D. Wis. 1984), a case resolved on summary judgment, requires plaintiff to allege in its complaint specifically how the changes would have created negative economic consequences for its business. Moreover, as noted *infra*, the failure to provide a copy of the contract makes it impossible to say whether the circumstances alleged in the complaint constituted a change at all, let alone a substantial change, in the dealership agreement.

because the alleged changes were contemplated by or otherwise coextensive with the original agreement.  Assuming *arguendo* that they were not, "unlike § 135.03, § 135.04 does not apply only to 'substantial changes in competitive circumstances' that affect the dealership agreement."  ***The Wisconsin Compressed Air Corp. v. Gardner Denver, Inc.***, 571 F.Supp.2d 992, 1002 (W.D. Wis. 2008) (interpreting ***Jungbluth v. Hometown, Inc.***, 548 N.W.2d 519 (Wis. 1996)).  ***See also Techmaster, Inc.***, 462 F.Supp.2d at 942 ("[Section] 135.04 requires notice and an opportunity to cure even in situations in which a substantial change in competitive circumstances is permitted under the parties' agreement.").

I therefore find and conclude that the complaint alleges facts sufficient to state a plausible claim for relief under the WFDL.[4]  Accordingly, the motion to dismiss must be denied.

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Dismiss** [#8], filed June 29, 2009, is **DENIED**.

Dated September 3, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[4]  My determination in this regard pretermits consideration of plaintiff's request for leave to amend its complaint, which is procedurally improper in any event.  **See D.C.COLO.LCivR** 7.1(C) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").